Rule has long since passed, and it should be repealed.

A reading of these two wills can leave no doubt that it was the intention of these two testators to leave a life estate only in these lands to their son, Fred Sybert. The application of the Rule in Shelley's Case results in setting aside this intention of these testators. In fact, every case in which the Rule in Shelley's Case is applied results in setting aside the intention of the person making the instrument. No one intending to give a fee simple title to the first taker (generally called the ancestor) ever uses language that, in its ordinary meaning and significance, defines an estate for life only. This Rule is only a trap and snare for the unwary, and should be repealed.

England, where the Rule had its inception, repealed the Rule some thirty years ago. As of 1948, thirty-seven of the states in our own union have set aside the Rule. In our own state the courts apply the Rule only when there is no escape from it.

Repeal is the duty of the legislative branch of our government, and the judiciary cannot legislate by refusing to follow the Rule. The Rule in Shelley's Case is a rule of property under which many citizens own property, and under its application titles have been passed and approved. For the courts to refuse to follow it in a case such as we have here would endanger all such titles and create uncertainty and endless confusion. The Legislature can remedy the situation by legislation to take effect at some definite future date, and secure all titles held by virtue of the Rule prior to the effective date of such act. By so doing, the Courts will be able to give effect to the clear intention of those making instruments affecting title to real estate. I think this should be made possible.

**BURTON v. STATE.**

No. 26266.

Court of Criminal Appeals of Texas.

Feb. 18, 1953.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

The conviction is for a violation of the liquor law in Lubbock County. The punishment assessed is a fine of $300.

The complaint and information, as well as all matters of procedure, appear regular. The record is before us without a statement of facts and bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.